**Criminal law &#8660;200(4)—Acquittal in prosecution for possessing liquor for sale held to bar subsequent prosecution in adjoining county for transporting liquor, involving same transaction.**

Previous indictment and acquittal of defendant for offense of possessing intoxicating liquor for the purpose of sale *held* to bar subsequent prosecution in adjoining county for transporting intoxicating liquor, if the same transaction, which occurred near the boundary line of the two counties, was involved in both prosecutions and the whisky alleged to have been transported was that previously claimed to have been in defendant's possession for sale.

Commissioners' Decision.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Will Phillips was convicted of transporting intoxicating liquor, and he appeals. Reversed and remanded.

Justice & Sigler and H. A. Justice, all of Athens, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

The transaction out of which the prosecution grew occurred near the line between Henderson and Van Zandt counties. Appellant was tried in Henderson county on the 13th of September, 1927, for the offense of possessing intoxicating liquor for the purpose of sale. The present trial was had in Van Zandt county on the 5th day of October, 1927. Appellant filed what he denominated a "plea in bar" wherein it was averred, in substance, that he had theretofore been indicted and acquitted in Henderson county of the offense of possessing intoxicating liquor for the purpose of sale; that the transaction upon which such acquittal was had was the same transaction for which the state was then seeking to place him on trial; that the state would rely upon the same evidence, use the same witnesses, and develop the same transaction, and no other. The proof heard during the trial of the instant case raised the issue that the whisky for which appellant was under indictment for transporting was the same whisky involved in the prosecution in Henderson county; that the same witnesses who testified on the instant trial testified in Henderson county to the purchase of said whisky; and that the transaction was the same. It was not shown in the trial of the instant case that appellant was in the

possession of any liquor in Henderson county other than that claimed in the present case to have been transported. The court refused to permit the jury to consider the plea. The court's action in the premises is assigned as error and properly presented by bill of exception. We must sustain appellant's contention. If the state relied upon the same criminal act in both cases, jeopardy had attached. Coon v. State, 97 Tex. Cr. R. 645, 263 S. W. 914. The issue should have been submitted to the jury under appropriate instructions.

The judgment is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

PURITY CREAMERY CO. v. HAYS et al. (No. 612.)

Court of Civil Appeals of Texas. Waco. March 29, 1928.

**1. Sales &#8660;234(3)—Bona fide purchaser of personal property from one having no title acquires no greater rights than seller had.**

Bona fide purchaser of personal property for value from one who has no actual title can acquire no greater rights than seller had.

**2. Sales &#8660;456—Contract not filed as chattel mortgage and giving option to purchase at end of rental year held not to pass title.**

Contract which was not filed as chattel mortgage and which on its face did not purport to be bill of sale or transfer of title of mechanical refrigerating cabinet, and was rental contract with option given lessee to purchase at end of first year, if he so desired, and which did not obligate lessee to pay for cabinet nor to take same, *held* not to pass title to lessee as matter of law.

**3. Sales &#8660;480(4)—Judgment held not supported by evidence, where court construed contract to pass title and only evidence of parties' intention was that it was rental contract.**

In action to recover possession of mechanical refrigerating cabinet, where court construed contract as passing title, and only evidence was to effect that contract was not intended to be sale, but rental contract, *held*, that judgment was not supported by evidence.

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Suit by the Purity Creamery Company against J. R. Hays and others, with crossaction by one Hensarling. From the judgment for Hensarling, plaintiff appeals. Reversed and remanded.

Weatherby & Rogers, of Waco, for appellant.

Lane & Reid, of. Hearne, for appellees.

BARCUS, J. Appellants instituted this suit against appellees to recover the possession of a mechanical refrigerating cabinet. They took possession thereof by writ of sequestration. Appellee Hensarling alleged he was the owner of said cabinet, and by cross-action asked for damages against appellants for the value thereof. The cause was tried to the court and resulted in a judgment being rendered for appellee Hensarling for the value of the property.

The proper determination of this appeal depends upon the construction to be placed on a contract made between appellants and J. R. Hays. It appears that in August, 1925, appellants entered into a contract with J. R. Hays, under the terms of which they rented to him the mechanical refrigerating cabinet in controversy for a period of one year, for which Hays agreed to pay the sum of $208 per annum as rent, payable in weekly installments of $4 per week. The contract provided that, if Hays failed to pay the rental for any one week, appellants could mature the remaining unpaid installments and terminate the contract without prejudice to their rights for rents that had already accrued. Hays was to keep the cabinet in good condition and install same at his own expense. The contract provides:

"It is further agreed that at the expiration of the rental period, first party (appellants) will sell to second party (Hays) the above-described cabinet for the sum of $648.00, and will allow said second party a credit on the purchase price thereof equal to the amount of the rentals paid under this contract; and it is agreed that unless a renewal rental contract is made, second party will deliver immediate quiet and peaceable possession of said cabinet to said first party at the termination hereof."

[1] It appears that Hays kept the cabinet until May 3d, 1926, at which time he made a general assignment under the statutes to B. P. Atkinson of all his property for the benefit of his creditors, and Atkinson duly qualified as assignee and took possession thereof. At said time Hays was operating an establishment known as the Palace of Sweets in Hearne and was using the cabinet in connection therewith. Atkinson, the assignee, did not testify, and the only testimony of Hays was the answer which he filed, which consisted of an ex parte affidavit to the effect that he did not own the cabinet in question, but had only rented it from appellants, and that same belonged to them. Mr. Wortman, one of appellants, testified that the Purity Creamery Company was a partnership, composed of himself and T. D. Sheldon, and that they never sold the cabinet to Hays, but only rented same to him, and that the $4 per week rental was a reasonable rental therefor. Ap-

4 S.W.(2d)—67

pellee Hensarling received a written bill of sale from Atkinson, the assignee, under the terms of which he purchased all the property of every kind and character that was owned by Hays and used in connection with the Palace of Sweets. If as a matter of fact the cabinet belonged to Hays, under the bill of sale which he obtained from Atkinson appellee Hensarling became the purchaser and owner thereof. The primary question therefore for determination is, Did the cabinet either belong to Hays or was it in his possession by virtue of a contract of purchase and sale which under the registration statutes was required to be recorded? It is a well-settled principle of law that a bona fide purchaser of personal property for value from one who has no actual title can acquire no greater rights than his vendor held. Gose v. Brooks (Tex. Civ. App.) 229 S. W. 979 (writ refused), and authorities there cited.

[2, 3] Appellee's contention in this case is that, under the wording of the contract and agreement by which the cabinet in question was delivered to Hays, same constituted a sale of said property, and that the title thereto passed to Hays subject to the payment of the unpaid purchase price, and that appellants only had a lien thereon to secure the unpaid portion thereof, and that in order to preserve said lien as against purchasers in good faith it was necessary that appellants file same for record as a chattel mortgage. It is undisputed that the contract had not been filed as a chattel mortgage. We cannot agree with appellee's contention. The contract on its face does not purport to be a bill of sale or a transfer of the title to the property, but is a rental contract, with an option given Hays to purchase at the end of the first year if he so desires. Hays does not in the contract obligate himself to pay for the cabinet. Neither does he obligate himself to take same. The trial court was not authorized to hold as a matter of law that the contract passed the title to Hays. The only evidence on the question with reference to the intention of the parties was to the effect that it was not intended to be a sale, but only a rental contract, and the court's judgment is therefore not supported by the evidence.

Appellees contend that the case of Willys-Overland Co. v. Chapman (Tex. Civ. App.) 206 S. W. 978, sustains the judgment of the trial court. In that case the parties conceded, as appears from the opinion, that the contract was a conditional sale, and it is a well-established principle of law, as laid down in that case, and also in Knittel v. Cushing, 57 Tex. 354, 44 Am. Rep. 598, and 94 Am. St. Rep. 248, notes, that a lease or conditional sale which in effect amounts to a real sale of the property passes title, subject to the payment of the unpaid purchase price, and under our registration statutes same must be recorded in order to preserve the lien. The contract in this case, by its own terms unexplained,

does not come within the rule laid down in said opinions. Here the primary question to be determined is, What was the contract of the parties at the time the agreement in controversy was made? If their contract amounted in fact to a sale, then it would be necessary for the contract to be filed as a chattel mortgage, in order for appellants to have protected themselves against an innocent purchaser thereof (Revised Statutes, art. 5489); if not, then it was not necessary to record the same, since it is not necessary under the statutes for a rental contract to be recorded.

The judgment of the trial court is reversed and the cause remanded.